IN THE UNITED STATES DISTRICT COURT
FOR EASTERN DISTRICT OF NEW YORK

****************************************

RAFAEL I. PINKHASOV PINCHAS,
    Plaintiff,

vs.

UNITED STATES DEAF SPORTS FEDERATION,
JERALD M. JORDAN,
DONALDA K. AMMONS,
BOBBIE BETH SCOGGINS,
    Defendants.

****************************************

COMPLAINT
CIVIL ACTION NUMBER: CV 04 4340

FILED FEB 23 2005

BLOOM, M.J.

Plaintiff Mr. Rafael I. Pinkhasov Pinchas ( herein, "plaintiff"), for his Complaint against defendants the United States Deaf Sports Federation ( "USADSF" ), Mr. Jerald M. Jordan ( "Jordan" ), Dr. Donalda K. Ammons ( "Ammons" ) and Dr. Bobbie Beth Scoggins ( "Scoggins" ), alleges as follows:

1. This Court has original jurisdiction over this action under Title 28 of the United States Code, Section 1332 in that it is a civil action between citizens of different states ( as alleged specifically below ) in which the amount in controversy exceeds for each cause of action, exclusive of costs and interest, seventy-five thousand dollars ( $75,000.00 ). Venue is proper in this district pursuant to Title 28 of the United States Code, Section 1391 ( a ).

2. Plaintiff is an USADSF member and residing at 76-54 168 Street Hillcrest New York 11366.

3. USADSF is a national sports organization among the deaf people and its business address is 102 North Krohn Place Sioux Falls, South Dakota 57103.

4. Jordan is an USADSF member, USADSF Governance Committee Chairman and residing at 826 Locust Drive West River Maryland 20878.

5. Ammons is an USADSF member, USADSF Representative to the International Sports Committee of the Deaf ( "CISS" ) and residing at 11617 Orchard Grove Road North Potomac Maryland 20878.

6. Scoggins is an USADSF member, USADSF President and her business address is 102 North Krohn Place Sioux Falls South Dakota 57103.

7. Plaintiff, Jordan, Ammons and Scoggins are profoundly deaf persons and their main modes of communication are English and American Sign Language.

8. The main and sole count of this lawsuit action is discrimination, including in employment, pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 ( amended in 1972, 1978 and by Civil Rights Act of 1991, Pub. L. No. 102-166 ) ( race, color, gender, religion, national origin ).

9. The discriminatory conduct of which plaintiff complains in this action includes retaliation and failure to hire plaintiff.

10. USADSF, Jordan, Ammons and Scoggins discriminated against plaintiff based on plaintiff's national origin as an Uzbekistani-born person and former citizen of the Soviet Union.

RECEIVED OCT 4 2004 PRO SE OFFICE

A TRUE COPY ATTEST

11. The facts of this Complaint are as follows:

12. Since his arrival to the United States in 1975, plaintiff has actively and dedicatedly been involved in the area of international sports service among the deaf people in the United States and world.

13. Plaintiff invested considerable amount of his time, money and energy by obtaining his advanced university degree in the specialized field of international service.

14. Plaintiff, unlike Jordan, Ammons and Scoggins, possesses a M. A. degree in International Affairs, which plaintiff earned from the School of International Service at the American University in Washington, D.C.

15. Since the end of July, 2001, Jordan, Ammons, USADSF and Scoggins denied plaintiff the opportunity to work in various positions related to the international service in both organizations – CISS and USADSF.

16. These various positions related to the international service were as follows:

- CISS Executive Committee Member;
- Chairman of the CISS Awards Commission;
- Chairman of the Organizing Committee of the 16th Deaflympic Winter Games;
- CISS Secretary General;
- USADSF Representative to the CISS Executive Committee, and
- Independent Candidate for any CISS Executive Committee position.

17. On July 21, 2001, Jordan and Ammons denied plaintiff the opportunity to get elected as a candidate for the position of the CISS Executive Committee Member for the 2001—2005 year term.

18. After the end of the 19th Deaflympic Summer Games held in Rome, Italy, in 2001, Jordan and Ammons denied plaintiff the opportunity to get his renewal of the position of the Chairman of the CISS Awards Commission for the 2001-2005 year term.

19. On or about August 20, 2003, plaintiff submitted to USADSF his detailed application for the position of the Chairman of the Organizing Committee of the 16th Deaflympic Winter Games to be held in Park City, Utah, in 2007.

20. On or about September 12, 2003, USADSF informed plaintiff that it acknowledged plaintiff's application and that the interview would be conducted "via videoconferencing from your (plaintiff's) homeplace and USADSF Board in Sioux Falls."

21. On or about September 15, 2003, and thereafter plaintiff informed USADSF and Scoggins that "he does not have in his own possession a videosystem" and that he made attempts – unsuccessful ones - to locate such a system in his town.

22. As a result, on or about October 3, 2003, USADSF and Scoggins informed plaintiff of his name removal as a candidate for the position of the Chairman of the Organizing Committee of the 16th Deaflympic Winter Games.

23. Such a removal of plaintiff as a candidate was done because plaintiff did not have a videosystem in his possession "as stated in USADSF" expectations from our GOC (Games Organizing Committee) 2007 Chair to be knowledgeable with the use of technology via videoconferencing."

24. USADSF advertised the position, in which it did not publicize in its Position Announcement an application requirement such as, " USADSF" expectations from our GOC ( Games Organizing Committee ) 2007 Chair to be knowledgeable with the use of technology via videoconferencing."

25. On or about February 13, 2004, a high-ranking Russian Deaflympic Committee official ( plaintiff was his organization's member before ) sent "a friendly letter-recommendation" to USADSF and Scoggins by requesting them to consider the name of plaintiff as a candidate for the position of USADSF Representative to the CISS Executive Committee for a new 2005-2009 year term.

26. Instead of directly replying to that Russian Deaflympic Committee official, USADSF and Scoggins secretly, i.e., without prior knowledge, permission and consent of the Russian Deaflympic Committee official, faxed the entire contents of that "friendly letter-recommendation" to Ammons, who is the incumbent USADSF Representative to the CISS Executive Committee.

27. Ammons, along with Jordan, is also engaged in another lawsuit action against plaintiff*.

28. On or about April 14, 2004, plaintiff applied for the job position of the CISS Secretary General.

29. Plaintiff requested USADSF and Scoggins to assist him with such a job-application.

30. USADSF and Scoggins, under unilateral influence of Jordan and Ammons, refused to assist plaintiff with the job application.

31. As a result, a) plaintiff's application was never considered, and b) another candidate – an USADSF member and friend of Jordan, Ammons and Scoggins – was, instead, hired for the job position.

32. Between January 13, 2004 and July 5, 2004, plaintiff and Scoggins were engaged in a series of e-mail communication exchanges.

33. Plaintiff requested Scoggins and USADSF to seriously consider his name as a candidate for the vacant position of USA Representative to the CISS Executive Committee for a new 2005-2009 year term.

34. Plaintiff also publicly issued his plea to consider his name as a candidate by releasing his August 10th, 2004 LETTER TO 100 PROMINENT DEAF AMERICANS ( see Exhibit A ).

35. In both instances, USADSF and Scoggins refused to consider plaintiff's request to be considered as an USADSF Representative-candidate for the CISS Executive Committee position.

36. Instead, USADSF and Scoggins, unanimously, one-sidedly and uncontestedly re-nominated the name of Ammons as an USA Representative-candidate for the CISS Executive Committee position for a new 2005-2009 year term.

*********************************************************

* Since September 17, 2001 and to this date, plaintiff, Jordan and Ammons have been engaged in three different lawsuit actions before the U.S. District Court for the District of Maryland in Baltimore, Maryland. An appeal based on the count of defamation of character against Jordan and Ammons was filed by plaintiff and it is still pending before the U.S. Court of Appeals, For the Fourth Circuit, in Richmond, Virginia. As for USADSF and Scoggins, instead of being strictly neutral and impartial in these lawsuit actions, both USADSF and Scoggins have covertly and overtly been taking a pro-Jordan-Ammons-stance and sympathies in these lawsuit actions. It will be plaintiff's intention to demonstrate at a future trial as to how Jordan, Ammons and Scoggins are closely associated with each other, including their excessive human contact with each other.

Case 4:05-cv-04024-LLP   Document 1   Filed 02/23/05   Page 4 of 5 PageID #: 4

37. On or about July 27, 2004, the same high-ranking official of the Russian Deaflympic Committee faxed to USADSF and Scoggins another "friendly letter-recommendation" by requesting them to consider the name of plaintiff as "an independent candidate" for any position in the CISS Executive Committee pursuant to the CISS Constitution Rule Number 15.

38. The Russian Deaflympic Committee also proposed to USADSF to submit a joint proposal – by Russia and USA – to consider the name of plaintiff as an independent candidate to the CISS Executive Committee for the coming January 3-4, 2005 CISS Congress to be held in Melbourne, Australia.

39. To date, and again under unilateral influence of Jordan and Ammons, USADSF and Scoggins have not provided any direct reply to the high-ranking Russian Deaflympic Committee official.

40. For the reasons stated above, as a result, on August 3, 2004, Plaintiff filed a charge with the New York City Commission of Human Rights regarding the alleged discriminatory conduct by USADSF, Jordan, Ammons and Scoggins, pursuant to Executive Law, Article 15, Section 296. Its Federal Charge Number is I6GA410254.

41. To date, USADSF, Jordan, Ammons and Scoggins have not provided any answer to the New York City Commission of Human Rights.

42. Plaintiff repeats and re-alleges all of the allegations contained in Paragraph 1 through 41 inclusive, as if set forth at length.

43. Plaintiff suffered aggravation, distress, humiliation, bad image and negative reputation caused by the aforementioned acts of USADSF, Jordan, Ammons and Scoggins.

44. As a direct and proximate result of various acts by USADSF, Jordan, Ammons and Scoggins against plaintiff, plaintiff suffered actual and consequential damages, including but not limited to damages to his reputation, the amount of such damages are currently unknown but will be proven at trial.

45. The discriminatory acts by USADSF, Jordan, Ammons and Scoggins against plaintiff were intentional and were committed willfully, maliciously, in their self-interest and to the detriment of the deaf sports movement in the U.S. and world.

46. As a result, in addition to actual damages, plaintiff is entitled to exemplary damages in an amount as the Court may find necessary to punish USADSF, Jordan, Ammons and Scoggins for their wrongful conduct and deter USADSF, Jordan, Ammons and Scoggins and others similarly situated from engaging in such a wrongful conduct in the future.

WHEREFORE, plaintiff prays for judgment against USADSF, Jordan, Ammons and Scoggins as follows:

a. For compensatory and consequential damages in an amount to be proved at trial but which amount exceeds this Court's jurisdictional minimum.

b. For exemplary and punitive damages in an amount to make an example of USADSF, Jordan, Ammons and Scoggins and to deter them and others similarly situated from engaging in similar wrongful conduct in the future.

c. For reasonable costs incurred in this action.

d. For such other and further relief as this Court may deem just and proper.

In addition, plaintiff seeks the reconsideration of his name as a candidate for the position of USADSF Representative to the CISS Executive Committee for the 2005-2009 year term by conducting its selection process in a free, democratic and contested manner.

DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues triable by jury.

Dated: October 4, 2004
Queens, New York, USA

Respectfully Submitted,

*[signature]*

Rafael I. Pinkhasov Pinchas
Plaintiff and Pro Se
76-54 168 Street
Hillcrest, New York 11366
718 380-4641 ( TDD )

TO: 1) USADSF, and
2) Bobbie Beth Scoggins, President
102 North Krohn Place
Sioux Falls, South Dakota 57103

Kelby N. Brick
Attorney for Defendants
3) Jerald M. Jordan, and
4) Donalda K. Ammons,
c/o the National Association of the Deaf
814 Thayer Avenue
Silver Spring Maryland 20910