UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

FILED
OCT 27 2005

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| RAFAEL I. PINKHASOV PINCHAS, | CIV 05-4024 |
| Plaintiff, | |
| -vs- | MEMORANDUM OPINION AND ORDER DISMISSING INDIVIDUAL DEFENDANTS |
| UNITED STATES DEAF SPORTS FEDERATION, JERALD M. JORDAN, DONALDA K. AMMONS, and BOBBIE BETH SCOGGINS, | |
| Defendants. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Pending before the Court is a motion to dismiss defendants Jerald M. Jordan ("Jordan") and Donalda K. Ammons ("Ammons"). (Doc. 42.)

## BACKGROUND

In his Complaint, Rafael Pinkhasov Pinchas ("Pinchas") alleges that the defendants violated Title VII of the Civil Rights Act of 1964 by retaliating against him and failing to hire him based on his national origin as a Uzbekistani-born person and former citizen of the Soviet Union. Title VII prohibits discrimination in employment based on, *inter alia,* race or national origin. The statute provides, in part, that "[i]t shall be an unlawful employment practice for an employer ... to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual ... because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a). The background of this case is set forth in this Court's Order issued on June 28, 2005. (Doc. 37.) In that Order, the Court denied the motion to dismiss the complaint filed by Jordan and Ammons on June 6, 2005. (*Id.*) That motion, which was based on failure to state a claim and res judicata, was denied without prejudice to the defendants' right to re-file the motion. They have now filed a motion to dismiss based on a new ground, lack of jurisdiction.

Jordan and Ammons request dismissal based on Pinchas' alleged failure to exhaust his administrative remedies. They contend that Pinchas failed to file a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") prior to instituting this lawsuit. In his response to the pending motion, Pinchas explains that he did indeed file a charge with the EEOC, and he attaches a copy of the "Dismissal and Notice of Rights" he received from the EEOC after his charge of discrimination was processed. (Doc. 44, Exhibit A.)

## DISCUSSION

The Court is unable to determine whether Pinchas exhausted his administrative remedies as to Jordan and Ammons. Their names do not appear on the copy of the EEOC Notice that Pinchas attached to his responsive brief. Although it is possible that Pinchas named Jordan and Ammons somewhere in his administrative charge, the Court cannot make that determination on the record before it.

The Court must, however, grant the defendants' motion to dismiss for another reason. The Eighth Circuit has ruled that supervisors and other employees cannot be held liable under Title VII in their individual capacities. *See Bonomolo-Hagen v. Clay Central-Everly Community School Dist.*, 121 F.3d 446, 447 (8th Cir. 1997) (*per curiam*) (supervisors); *Lenhardt v. Basic Institute of Technology, Inc.*, 55 F.3d 377, 380-81 (8th Cir. 1995) (other employees). Therefore, the motion to dismiss for lack of jurisdiction will be granted because Jordan and Ammons are individuals who cannot be held individually liable under Title VII. The Court will not sanction Pinchas as requested by Jordan and Ammons.

Moreover, the court will *sua sponte* order dismissal of Bobbie Beth Scoggins ("Scoggins") as a defendant because Pinchas cannot recover against her in her individual capacity under Title VII, just as he cannot recover from Jordan and Ammons individually. The Court notes that Scoggins filed an Answer on behalf of herself and the United States Deaf Sports Federation. The Court warns defendant United States Deaf Sports Federation that a corporation must appear through a licensed attorney; an individual who is not an attorney cannot appear for a corporation *pro se*. *United States*

*v. Van Stelton*, 988 F.2d 70 (8th Cir. 1993) (per curiam); *Carr Enterprises, Inc. v. United States*, 698 F.2d 952, 953 (8th Cir. 1983); *see also Ackra Direct Marketing Corp. v. Fingerhut Corp.*, 86 F.3d 852, 857 (8th Cir. 1996) (the law does not allow a corporation to proceed *pro se*). Thus, United States Deaf Sports Federation must retain counsel to defend it in this action. Accordingly,

IT IS ORDERED:

(1) That the motion to dismiss, doc. 44, is granted as to defendants Jordan and Ammons;

(2) That the request for sanctions against Pinchas, doc. 44, is denied;

(3) That defendant Scoggins is dismissed from this case;

(4) That defendant United States Deaf Sports Federation must retain counsel to defend it in this action; and

(5) That the caption in this case shall be amended to include only United States Deaf Sports Federation as the defendant.

Dated this 27th day of October, 2005.

BY THE COURT:

/s/ Lawrence L. Piersol
Lawrence L. Piersol
Chief Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: *Shelly Margulies*
(SEAL)    DEPUTY

3