UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION



FILED
OCT 1 2 2006
CLERK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| RAFAEL I. PINKHASOV PINCHAS, | \* | CIV 05-4024 |
| Plaintiff, | \* | |
| -vs- | \* | MEMORANDUM OPINION AND ORDER |
| USA DEAF SPORTS FEDERATION, INC. | \* | |
| Defendant. | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Pending before the Court is a motion for summary judgment filed by Defendant USA Deaf Sports Federation, Inc. (the "USADSF"). For the following reasons, the motion will be granted.

## BACKGROUND

The USADSF is affiliated with the United States Olympic Committee and the International Committee of Sports for the Deaf ("CISS"). Among other things, the USADSF coordinates matters pertaining to participation of the United States in the Deaflympics. It is in charge of hosting the 2007 Winter Deaflympics in Park City, Utah. Its Bylaws provide, "All officers, directors, and members of committees of the Federation shall act and serve without compensation in the aid of the educational purposes of the Federation, as described in Article Two, except as otherwise specifically provided in the Constitution, Bylaws, and Guidelines." No one with the USADSF receives any employment benefits such as health insurance, disability benefits, life insurance, paid holidays, vacation, sick leave, retirement or pension plans. At all times relevant to this case, every officer and committee position with the USADSF was voluntary. One clerical person was paid for his or her services by the Communication Services for the Deaf which donates office space to the USADSF's Sioux Falls home office and provides free design and graphics for the USADSF. More recently, the USADSF has paid for the clerical work.

In 2003, the USADSF sought applicants to chair the 2007 Deaflympic Games Organizing Committee. The Position Announcement indicates that it is "a volunteer position, not unlike other USADSF positions, and no remuneration or salary will be offered." Four or five people applied for the Chair position, including Plaintiff, Rafael Pinkhasov Pinchas ("Pinchas"). Pinchas was one of three candidates selected for an interview by the USADSF Executive Board ("the Board"). The Board chose to use video conference interviews of the three candidates primarily because it could not afford to pay their travel expenses, and also because it was more convenient for the candidates.

In e-mail correspondence with the Board members, Pinchas said he was having trouble finding a video conference outlet where he lived near New York City. Board members attempted to assist Pinchas, but he was unable to locate a video conference site. Pinchas was eliminated from the list of candidates for the Chair position because he was not interviewed. Pinchas contends that the Board's real reason for not interviewing him is his national origin. Pinchas also complains that the USADSF did not assist him in applying for the position of Secretary General of the CISS or support him for a position on the CISS executive committee.

On August 3, 2004, Pinchas filed a complaint against the USADSF with the New York State Division of Human Rights, alleging that the USADSF failed to hire him based on his national origin as a Uzbekistani-born person and former citizen of the Soviet Union. On February 24, 2005, the Division of Human Rights issued a Determination and Order After Investigation finding no probable cause to believe that Pinchas was discriminated against, and his Human Rights complaint was dismissed. Proceeding *pro se*, Pinchas commenced this Title VII action against the USADSF in the United States District Court for the Eastern District of New York. The complaint was transferred to this Court after a finding that the USADSF is located in Sioux Falls, South Dakota. After some preliminary matters were resolved, the USADSF filed the pending motion for summary judgment.

## DISCUSSION

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together

with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In ruling on a motion for summary judgment, the Court is required to view the facts in the light most favorable to the non-moving party and must give that party the benefit of all reasonable inferences to be drawn from the underlying facts. *AgriStor Leasing v. Farrow*, 826 F.2d 732, 734 (8th Cir. 1987). The moving party bears the burden of showing both the absence of a genuine issue of material fact and its entitlement to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).

Once the moving party has met its burden, the non-moving party may not rest on the allegations of its pleadings but must set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e); *Anderson,* 477 U.S. at 257; *City of Mt. Pleasant v. Associated Elec. Co-op., Inc.*, 838 F.2d 268, 273-74 (8th Cir. 1988). Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The USADSF's first argument in support of its motion for summary judgment is that Pinchas was not a potential employee of the USADSF within the meaning of Title VII. The Court agrees. Section 2000e-2(a) of Title VII provides:

> It shall be an unlawful employment practice for an employer-
> (1) to fail or refuse to hire . . . any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race . . . or national origin; or
> (2) to limit . . . his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race . . . or national origin.

3

42 U.S.C. § 2000e-2(a). The existence of an employer-employee relationship is essential to a Title VII cause of action. *See, e.g., Jacob-Mua v. Veneman*, 289 F.3d 517, 520-521 (8th Cir. 2002) (affirming dismissal of Title VII retaliation claim because volunteer researcher for Forest Service could not have been considered an employee for purposes of Title VII). Title VII defines employee as "an individual employed by an employer...." 42 U.S.C. § 2000e(f). Noting the "circular" nature of this definition and fashioning its own analysis for determining whether an employment relationship exists for purposes of Title VII, the Eighth Circuit has held:

> [A]n employer is someone who pays, directly or indirectly, wages or a salary or other compensation to the person who provides services - - that person being the employee. Compensation by the putative employer to the putative employee in exchange for his services is not a sufficient condition, but it is an essential condition to the existence of an employer-employee relationship.

*Graves v. Women's Prof'l Rodeo Ass'n, Inc.*, 907 F.2d 71, 73 (8th Cir.1990) (holding that members of the Women's Professional Rodeo Association are not in an employment relationship with the organization for purposes of Title VII). "Without compensation, no combination of other factors will suffice to establish the relationship." *Daggitt v. United Food and Commercial Workers Int'l Union*, 245 F.3d 981, 987 (8th Cir. 2001) (finding that monies from union received by union stewards constituted "compensation" for purposes of Title VII).

At all relevant times, every officer and committee position with the USADSF was voluntary. One individual who performed clerical work for the USADSF received some compensation, but no one with the USADSF receives any employment benefits. Pinchas does not dispute the fact that the Chair of the 2007 Deaflympics Games Organizing Committee is a volunteer position with no compensation. In fact, Pinchas argues that he was better suited for the volunteer position than the other two individuals interviewed for it because they have full-time jobs and he does not. (Doc. 67, Plaintiff's Supporting Brief.)

4

Eighth Circuit law is clear that volunteers are not employees for purposes of Title VII. As a non-employee, Pinchas does not have standing to bring a Title VII claim against the USADSF, and the USADSF is entitled to summary judgment. Accordingly,

IT IS ORDERED:

(1)  That Defendant's motion for summary judgment, doc. 76, is granted.

(2)  That Plaintiff's motion for sanctions, doc. 65, is denied.

Dated this _____ day of October, 2006.

BY THE COURT:

*[signature]*
Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: *[signature]*
(SEAL)  DEPUTY

5